FIRST BAPTIST SOCIETY IN ANDOVER *vs.* NATHAN W. HAZEN & others.

Upon a deed of land to " A. B., treasurer " of a corporation named, " and his successors in office," and expressed to be in trust, the corporation cannot maintain a writ of entry for the land after A. B.'s death; whether the trust be regarded as subsisting, or the deed considered as conveying an estate to the use of the corporation which was executed by the statute of uses.

CHAPMAN, C. J.    This being a writ of entry, it is necessary for the demandants to prove that the legal title to the demanded premises is in them.    They cannot maintain such an action on the ground of a mere beneficial interest as *cestuis que trust.* They claim title under a deed of Benjamin Abbott and Jeremiah Goldsmith " to Silas Richardson, Treasurer of the Society, and his successors in office," expressed to be in trust, the special trust being particularly set forth.    But as the treasurership is not a corporation, the legal title did not vest in the successors of Richardson.    *Newhall* v. *Wheeler,* 7 Mass. 189.    Nor would any title vest in his heirs, they not being named as grantors, and therefore the legal estate would be merely in him for life, unless something in the character of the trust required its longer continuance.    When a trust is created, a legal estate sufficient for the execution of the trust is implied, if possible; but the legal estate shall not be carried further than the ample execution of the trust requires.    Lewin on Trusts, (5th ed.) 175. *Cleveland* v. *Hallett,* 6 Cush. 403.    But it is not necessary to consider what the trust required in this case ; for the plaintiffs would be mere *cestuis que trust,* and not trustees, and therefore could not maintain this action under any construction of the trust.    This is the result to which we must come if the deed be construed as creating a trust.    But the demandants contend

that it did not create a trust, but conveyed an estate to the use of the society, which was executed by the statute of uses. If this be so, it was an estate for the life of the grantee only. For the use executed in the society could be no greater than the estate conveyed to him, which was for life only. It would terminate with his life; and it being admitted by the parties that he is deceased, the demandants have no title.

*Judgment for the tenants.*

*S. B. Ives, Jr., & E. Buck,* for the demandants.

*J. W. Perry,* for the tenant Hazen, was not called upon.

